UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOEL PAUL C. ,

                       Plaintiff,                                   19-CV-19Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #11.

By Decision and Order entered September 23, 2020, the Court granted plaintiff's motion for judgment on the pleadings and remanded plaintiff's application for disability insurance benefits back to the Commissioner for further proceedings. Dkt. #12. Judgment was entered on September 24, 2020. Dkt. #13.

By Stipulation entered December 26, 2020, counsel was awarded $6,080.60 in fees pursuant to the Equal Access to Justice Act ("EAJA").[1] Dkt. ##17 & 18.

---

[1] The EAJA provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United

On October 19, 2021, the Administrative Law Judge determined that plaintiff was disabled as of February 1, 2016. Dkt. #19-7. By Notice of Award dated May 30, 2022, the Commissioner determined that plaintiff was entitled to past due benefits totaling $71,821.00. Dkt. #19-2, ¶14. Plaintiff's counsel subsequently attempted to obtain a Notice of Award for SSI benefits and child auxiliary benefits, but received a letter regarding SSI on August 16, 2022 which failed to itemize past due benefits and was informed by telephone on September 14, 2022, that no claim for child auxiliary benefits had been filed. Dkt. #19-1, pp.2-3 & Dkt. #19-2, ¶¶ 11-26.

Currently before the Court is plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $17,955.25, which is equal to 25% of past-due benefits. Dkt. #19. In support of the motion, counsel attaches a copy of a fee agreement with the Law Offices of Kenneth R. Hiller, PLLC, signed by plaintiff on November 14, 2017, which provides, *inter alia*, that the attorney fee will be 25% of any past due benefits. Dkt. #19–5. Counsel declares that they expended 29.6 hours on this matter and their normal hourly rate is $350 per hour. Dkt. #19-6 ¶¶ 28 & 31. Counsel stipulates that the EAJA fees will be refunded to plaintiff upon receipt of fees pursuant to 42 U.S.C. § 406(b)(1)(A).

---

States if the Government's position in the litigation was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). EAJA fees are determined by the time expended and a capped hourly rate. *Id.* Fees may be awarded pursuant to both the EAJA and the Social Security Act, but counsel must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.*

The Commissioner notes that the fee application was filed 112 days after the May 30, 2022 Notice of Award and otherwise defers to the discretion of the Court as to the appropriateness of the fee award. Dkt. #22.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a claim for attorney's fees must be made by motion filed no later than fourteen days after the entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Because the filing of such a claim must await the Commissioner's award of benefits, however, the fourteen day deadline is equitably tolled until counsel receives notice of the benefits award. *Id.* at 88. In practice, therefore, the fourteen-day filing period starts to run when the claimant receives notice of the SSA Commissioner's calculation of benefits. *Id.* Where multiple notices are expected due to, *inter alia*, benefits awarded to family members, the deadline may be extended until counsel has received the necessary documentation to identify the maximum allowable attorney's fee. *Kathleen I. v. Comm'r of Soc. Sec.*, 18-CV-6289, 2022 WL 2301781, at *2 (W.D.N.Y. June 27, 2022); *See Hopkins v. Cohen*, 390 U.S. 530 (1968) (25% cap on fees is calculated based upon past-due benefits awarded to plaintiff and family members). Counsel is presumed to have received the calculation of benefits three days after mailing. *Sinkler,* 932 F.3d at n.5.

The Court accepts counsel's declaration that it was not until September 14, 2022, when the SSA informed counsel that child auxiliary benefits had not been claimed, that counsel possessed the necessary information to file a fee application. Dkt. #19-2, ¶ 26. Accordingly, the Court determines that the filing of the fee application on September 19, 2022 was timely. Alternatively, the Court exercises its discretion to enlarge the filing period given the circumstances presented. *See Sinkler*, 932 F.3d at 89 (noting that Rule 54 expressly empowers district courts to enlarge the filing period where circumstances warrant).

Even within the 25% statutory limitation for contingent-fee arrangements, the court is required to review the fee sought as an independent check to assure that it is reasonable for the services rendered in the particular case. *Gisbrecht*, 535 U.S. at 807. In making this assessment, the court considers: (1) the character of the representation and the results the representation achieved; (2) whether the attorney was responsible for delay that resulted in the accumulation of additional past-due benefits; and (3) whether the past-due benefits are so large in comparison to the amount of time counsel spent on the case that the requested fee would amount to a windfall to the attorney. *Id.* at 808. The Court of Appeals for the Second Circuit has also instructed district courts to consider whether there has been fraud or overreaching in making the agreement. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990).

In considering whether the requested fee may be a windfall to the attorney, the court may request a record of the hours spent representing the claimant and a

statement of the lawyer's normal hourly billing rate for non-contingent fee cases. *Gisbrecht,* 535 U.S. at 807. However, courts should recognize that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Among the factors to be considered are: (1) the ability and expertise of the attorneys and whether they were particularly efficient; (2) the nature and professional relationship of the attorney with the plaintiff, including any representation at the agency level; (3) the satisfaction of the plaintiff; and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.* at 854-855.

> A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about.

*Id.* at 855.

In the instant case, the fee request is within the boundaries of the statute and there is no evidence of fraud or overreaching in the execution of the fee agreement. The Court recognizes that counsel is experienced in representation of individuals seeking disability benefits and provided able representation to plaintiff. There is no evidence that counsel was dilatory in the representation of plaintiff, which included representing plaintiff at the administrative hearing, seeking review at the Appeals Council, filing a Complaint and engaging in successful motion practice before this Court, and representing plaintiff at a subsequently successful administrative hearing. Moreover, the request for $17,955.25 in fees following an expenditure of 29.6 hours equates to a

*de facto* hourly rate of approximately $607, which is in line with awards generally approved in this district for similar work performed. *See Amy Sue H. v. Comm'r of Soc. Sec.*, 17-CV-713, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697 and $1,000 to be reasonable). Such an award appropriately compensates counsel for the time spent on this case, the risk accepted by counsel in undertaking representation on contingency, and the successful result obtained by plaintiff, who will continue to receive disability benefits into the future. *See Lewis v. Saul*, 16-CV-6411, 2020 WL 132281, at *2 (W.D.N.Y. Jan. 13, 2020) (recognizing value of future benefits and insurance coverage that are not reflected by the amount of past due benefits).

## CONCLUSION

For the reasons set forth above, counsel is awarded $17,955.25, with the stipulation that upon receipt of this award, they will refund to plaintiff $6,080.60 previously received pursuant to the EAJA.

**SO ORDERED.**

**DATED:** Buffalo, New York
October 19, 2022

                                          *s/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**